IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNTHIA L. CANADA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-1443-D |
| HOTEL DEVELOPMENT-TEXAS, | § | |
| LTD., ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Plaintiff Cynthia L. Canada has filed a motion to quash three Rule 45 subpoenas issued by defendants in this civil action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). At issue are subpoenas issued to: (1) Gary L. Myers, an accountant, for documents relating to tax returns filed on behalf of plaintiff and her husband for the 2002-2007 tax years; and (2) First Franklin Financial Corporation, a mortgage company, and Matthew Haddock, a trustee, for documents relating to certain real property in Corinth, Texas, purchased by plaintiff in 2006. According to plaintiff, defendants want these documents to impeach her on the collateral issue of whether she failed to properly report financial information to the IRS and her mortgage company. Defendants counter that the documents will show whether plaintiff earned income from outside sources which, in turn, is relevant to the threshold issue in this case--whether plaintiff was an independent contractor or an employee. The parties have briefed their respective positions in a Joint Status Report filed on July 29, 2008, and the motion is ripe for determination.

Rule 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). The information sought need

not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* As the party seeking discovery, defendants must establish this threshold burden. *See E.E.O.C. v. Renaissance III Organization*, No. 3-05-CV-1063-B, 2006 WL 832504 at *1 (N.D. Tex. Mar. 30, 2006) (Kaplan, J.), *citing Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 650 (N.D. Ill. 1994) ("To place the burden of proving that the evidence sought is not reasonably calculated to lead to the discovery of admissible evidence on the opponent of discovery is to ask that party to prove a negative. This is an unfair burden, as it would require a party to refute all possible alternative uses of the evidence, possibly including some never imagined by the proponent."). Once defendants establish that their subpoenas are within the scope of permissible discovery, the burden shifts to plaintiff to show why discovery should not be permitted. *See Spiegelberg Manufacturing, Inc. v. Hancock*, No. 3-07-CV-1314-G, 2007 WL 4258246 at *1 (N.D. Tex. Dec. 3, 2007) (Kaplan, J.) (citing cases). *But see Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.), *quoting McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (holding that party opposing discovery must "show specifically how . . . each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive.").

The gravamen of plaintiff's FLSA claim is that she was not paid wages or overtime while working at a topless night club operated by defendants in 2002-2007. Defendants maintain that plaintiff is not subject to the protections of the statute because she was an independent contractor, not an employee. To determine employment status under the FLSA, the court must decide "whether the individual is, as a matter of economic reality, in business for himself or herself." *Herman v. Express Sixty-Minutes Delivery Service, Inc.*, 161 F.3d 299, 303 (5th Cir. 1998). Among the factors relevant to this determination are:

> Full Time Required. If the worker must devote substantially full time to the business of the person or persons for whom the services are performed, such person or persons have control over the amount of time the worker spends working and impliedly restrict the worker from doing other gainful work. An independent contractor on the other hand, is free to work when and for whom he or she chooses.
>
> Working for More than One Firm at a Time. If a worker performs more than de minimis services for a multiple of unrelated persons or firms at the same time, that factor generally indicates that the worker is an independent contractor. However, a worker who performs services for more than one person may be an employee of each of the persons, especially where such persons are part of the same service arrangement.

Rev. Rul. 87-41, 1987 WL 419174 (IRS RRU 1987); *see also Nationwide Mutual Ins. Co. v. Darden*, 503 U.S. 318, 324, 112 S.Ct. 1344, 1348, 117 L.Ed.2d 581 (1993) (citing Rev. Rul. 87-41 in adopting common law test for determining who qualifies as an employee under ERISA). Whether plaintiff earned income from outside sources during the time she worked for defendants and, if so, the amount of such earnings, will certainly assist the trier of fact in determining whether plaintiff was, as a matter of economic reality, in business for herself. The tax returns and supporting documents subpoenaed from plaintiff's accountant are reasonably calculated to obtain such evidence. In addition, plaintiff already has produced unsigned copies of her tax returns in response to a written discovery request. At her recent deposition, plaintiff provided defendants with more complete, but still unsigned, copies of her returns. Thus, plaintiff has waived any objection to the production of her tax returns from whatever source.[1]

The court reaches a different conclusion with respect to the loan applications and work papers relating to the property in Corinth, Texas, purchased by plaintiff in 2006. Other than questioning

---

[1] Plaintiff argues that the production of her tax returns is unnecessary because she has agreed to stipulate that defendants did not preclude her from working with another club. (*See* Jt. Stat. Rep. at 10). Of course, defendants are not required to accept this stipulation. Nor is the stipulation dispositive of whether plaintiff was in business for herself during the time she worked for defendants as reflected, in part, by the amount of income she received from outside sources.

how plaintiff, who earns less than $20,000 per year, and her husband, who is unemployed, could afford to purchase the Corinth property, defendants make no attempt to show that the documents in the possession of the mortgage company and trustee are likely to contain information about the source and amount of plaintiff's outside earnings, if any. This discovery amounts to nothing more than a fishing expedition.

## CONCLUSION

For these reasons, plaintiff's motion to quash subpoenas [Doc. #27] is granted in part and denied in part. The motion is granted with respect to the Rule 45 subpoenas issued to Franklin Financial Corporation and Matthew Haddock. Those subpoenas are quashed in their entirety and none of the documents specified therein shall be produced. The motion is denied with respect to the Rule 45 subpoena issued to Gary L. Myers. Myers shall comply with the subpoena by producing the documents specified therein within 20 days from the date of this order. Such production shall be subject to the terms of the Stipulated Protective Order entered on February 11, 2008.

SO ORDERED.

DATED: July 30, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE